# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SHEELDS CYBER LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 1:23-cv-01169-RP |
| | § | |
| NXP USA, INC., | § | |
|     Defendant. | § | |

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before <u>January 31, 2025</u>.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before <u>7 days after a claim construction order has issued</u>, and each opposing party shall respond, in writing, on or before <u>21 days after receipt of a settlement offer</u>. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before <u>February 5, 2024</u>.

4. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before <u>May 24, 2024</u>.

5. On or before <u>March 1, 2024</u>, Plaintiff SheeldS Cyber Ltd. ("SheeldS" or "Plaintiff") shall serve a disclosure of asserted claims and preliminary infringement contentions

(and accompanying document production) containing the following information: a chart explaining and identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including explaining and identifying whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; complete copies of the file history of the patent-in-suit; and all assignments.

6. On or before <u>April 19, 2024</u>, Defendant NXP USA, Inc. ("NXP" or "Defendant") shall serve its preliminary invalidity contentions in the form of claim charts. Defendant shall also include an identification of any limitations that Defendant contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Defendant contends are directed to ineligible subject matter under 35 U.S.C. § 101. Defendant shall also produce technical documents within its possession, custody, or control, sufficient to show the operation of the accused products.

7. The following schedule shall apply to claim construction proceedings in this case:

   a. On or before <u>May 3, 2024</u>, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

   b. On or before <u>May 24, 2024</u>, the parties shall concurrently exchange proposed constructions for all claim terms identified by both parties in the concurrent exchange, including initial citations to any intrinsic evidence offered in support.

c.  On or before <u>May 31, 2024</u>, the parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall produce a copy of any such item if not previously produced.

d.  On or before <u>June 7, 2024</u>, the parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any, and to confer on the preparation of the Joint Claim Construction Chart.

e.  Claim construction discovery shall close on <u>June 28, 2024</u>.

f.  On or before <u>July 12, 2024</u>, Defendant NXP shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g.  On or before <u>August 2, 2024</u>, Plaintiff SheeldS shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h.  On or before <u>August 23, 2024</u>, Defendant NXP shall file its Reply Claim Construction Brief. The page limit for the Reply Claim Construction Brief shall

be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

 i. On or before <u>August 30, 2024</u>, Plaintiff SheeldS shall file its Sur-Reply Claim Construction Brief. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages, exclusive of the caption, signature block, any certificate, and exhibits.

 j. On or before <u>September 6, 2024</u>, Plaintiff SheeldS shall file the Joint Claim Construction Chart, which shall include the final set of proposed terms for constructions, the constructions proposed by both parties, and final citations to the intrinsic and extrinsic evidence relied upon by each party for each proposed construction.

 k. If the Court deems it necessary to receive technical tutorials from the parties, the parties shall submit such tutorials on or before <u>September 13, 2024</u>.

 l. The Court shall hold a claim construction hearing at its convenience.

8. <u>SheeldS' Position</u>: Fact discovery shall open immediately following the parties' Rule 26(f) conference. The parties shall serve initial disclosures pursuant to Rule 26(a) two business days following the Court's entry of this Order<u>.</u>

<u>NXP's Position</u>: In accordance with the recent practice of this Court and other courts in the Austin and Waco Divisions, this Court should stay fact discovery while the Court construes the asserted claims of the sole asserted patent.[1] NXP believes the

---

[1] *See, e.g.*, Agreed Scheduling Order (Dkt. 19-1), *HyperQuery LLC v. Samsung Elecs. Am., Inc.*, Case No. 6:23-CV-00007-RP, at 4 (W.D. Tex. Apr. 10, 2023) ("8. Fact discovery shall open 1 business day after the claim construction order is issued."); Agreed Scheduling Order (Dkt. 19-

Court's *Markman* claim construction decision is likely to resolve this case. As is customary in patent cases, NXP has already agreed to produce technical documents sufficient to show the operation of the accused products, along with NXP's invalidity contentions, before claim construction begins. *See* paragraphs 6-7, *supra*.

SheeldS has stated that it intends to launch wide-ranging domestic and international discovery immediately. That is not an economical use of this Court's resources. Additional discovery into NXP, its accused products, and various third parties will not aid the Court in the *Markman* process, which seeks to understand the meaning of the patent claims as of the date of the alleged invention. Moreover, SheeldS chose to sue NXP in Austin, but SheeldS has not identified any special circumstances that warrant deviating from the Waco and Austin Divisions' well-known practice of pausing discovery during claim construction.

Accordingly, the Court should order that: <u>Fact discovery shall open 1 business day after the claim construction order is issued, and the parties shall serve initial disclosures pursuant to Rule 26(a) on the day that fact discovery opens.</u>

9. Within 21 days after the claim construction order is issued, the parties shall meet and confer regarding narrowing the claims and prior art.

---

1), *ProudLion IP LLC v. Microsoft Corp.*, Case No. 1:23-cv-00615-RP, at 4 (W.D. Tex. Dec. 27, 2023) ("10. Fact discovery shall open 1 business day after the claim construction order is issued."); Standing Order Governing Proceedings (OGP) 4.3—Patent Cases, at 3 (W.D. Tex. Waco Div. Jan. 24, 2024) (Albright, J.) ("Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing."); *see also* Initial Scheduling Order (Dkt. 18), *Monkeymedia, Inc. v. Amazon.com, Inc.*, No. 1:20-cv-00010-LY (W.D. Tex. Apr. 1, 2020) (scheduling claim construction proceedings and lifting general stay only as to those claim construction proceedings).

10. Plaintiff SheeldS shall serve its final infringement contentions on or before <u>December 13, 2024</u>.

11. Defendant NXP shall serve its final invalidity contentions on or before <u>January 31, 2025</u>.

12. The parties shall complete all fact discovery on or before <u>March 28, 2025</u>.

13. All parties with the burden of proof shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>April 25, 2025</u>.  Parties without the burden of proof shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>May 30, 2025</u>.

14. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

15. The parties shall complete all discovery on or before <u>June 20, 2025</u>.

16. All dispositive and *Daubert* motions shall be filed on or before <u>July 25, 2025</u> and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

17. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

18. This case is set for _____ trial commencing at 9:30 a.m. on _____, 20_____. **Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 20_____.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHEELDS CYBER LTD., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 1:23-cv-01169-RP |
| | § | |
| NXP USA, INC., | § | |
| Defendant. | § | |

**NOTICE CONCERNING REFERENCE TO**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party _____ through counsel _____

    \_\_\_\_consents to having a United States Magistrate Judge preside over the trial in this case.

    \_\_\_\_declines to consent to trial before a United States Magistrate Judge.

Respectfully submitted,

_____

Attorney for:

_____